On Rehearing.
O’NIELL, J.
[5, 6] A rehearing was granted in this case only on the question whether R. F. Whitmer should be reimbursed the taxes of 1907 and 1908. Regarding the taxes of these two years, there was error in the statement in the original opinion that:
“There was no attempted interruption of the prescription of the liens and privileges for taxes for the years 1904, 1906, 1907, and 1908 in the petition of intervention.”
In the transcript of the former appeal, which was used in the present appeal, we find a supplemental petition, styled “Petition of Intervention or Third Opposition,” filed by Whitmer, in the executory proceedings, alleging the payment of the taxes of 1904, 1906, 1907, and 1908, claiming a privilege and praying to be reimbursed by preference out of the proceeds of the sale. The property was at that time seized and held by the sheriff. He and the seized debtor, Krotz, accepted service and filed answers to the petition" of intervention or third opposition of Whitmer; the issue was tried, evidence taken, and judgment ,was rendered in favor of Whitmer in accordance with thé prayer of his petition. The tax receipts for the taxes of 1907 and 1908 were introduced in evidence on the trial of the intervention, and are in the transcript. The tax of 1907, amounting to $1,998.45, was paid on the 5th of May, 1908, and a receipt was given by the deputy tax collector. The tax of 1908, amounting to $3,902.40, was paid on the 7th of May, 1909, and a receipt was given by the deputy tax collector.
The lien securing the payment of the taxes of 1907 could not have prescribed until the end of the year 1910, and the lien securing the payment of the taxes of 1908 could not have prescribed until the end of the year 1911. These taxes were collected by the tax collector while he, as sheriff, had possession of the property under a writ of seizure and sale. There was no necessity for making all of the creditors of the tax debtor, or any other persons except the sheriff and the seized debtor, defendants in the intervention or supplemental petition of Whitmer, claiming reimbursement for these taxes. Our conclusion is that the proceedings interrupted the *805 prescription of the tax lien securing the reimbursement of the taxes of 1907 and 1908. The prayer . of the petition “that these amounts be paid to petitioner in preference to all other persons,” in connection with the allegations of the petition and documents annexed thereto and made part thereof, was a sufficient prayer for recognition of the tax lien.
In the application for rehearing our attention is called to the fact that the decree reversing the judgment on the reconventional demand for the taxes of 1910, 1911, and 1912, and rendering judgment therefor, with legal interest from the respective dates of payment, is not quite in accord with the opinion. A rehearing was not asked for on this ground, it being conceded that the decree might be plain enough if read in connection with the opinion, and therefore might be made plain in the decree itself without granting a rehearing. In the former opinion it was said that the taxes of 1910, 1911, and 1912 were paid for the preservation of the property while Whitmer was in possession of it, and the owner must refund the amount paid by Whitmer, according to the provisions of R. O. C. 3226. This article of the Oode is the last of three articles forming the entire subject-matter of a paragraph or subtitle, “Of the Expenses Incurred for the Preservation of the Thing,” and it provides:
“Finally, he who has incurred these expenses has a privilege against these same creditors, by virtue of which he has preference over them out of the price of the thing sold, for the amount of such necessary charges as he shall have incurred for its preservation. This is the privilege in question in the present paragraph.”
It was suggested in the application for rehearing that, as the privilege mentioned in the foregoing article is recognized in our original opinion, it ought to be expressly, recognized in the decree, to avoid further litigation. It was also suggested fhat, as the judgment for the taxes of 1910, 1911, and 1912 is the original judgment on this question (the judgment of the district court on this question being annulled and' reversed), the decree should express the amount for which the judgment is rendered; otherwise it may not be executory. Referring to the record, we find that the tax for 1910, amounting to $3,088.45, was paid on the 16th of January, 1911; the tax for 1911, amounting to $3,129.-73, was paid on the 10th of February, 1912; and the tax for 1912, amounting to $3,306, was paid on the 23d of Hay, 1913.
It is ordered that the decree rendered by this court on the 11th of January, 1915, be amended so that the first paragraph or amendment of the judgment appealed from shall read as follows:
(1) By allowing the reconventional demand of Robert F. Whitmer, of $5,900.85 (for the taxes of 1907 and 1908 paid by him), with legal interest on $1,998.45 from the 5th of May, 1908, and on $3,902.40 from the 7th of May, 1909, with recognition of the tax lien securing the payment thereof, and by allowing and recognizing the reconventional demand of said Whitmer for $9,524.18, with legal interest, on $3,088.45 from the 16th of January, 1911, on $3,129.73 from the 10th of February, 1912, and on $3,306 from the 15th of May, 1913, with recognition of the privilege granted by article 3226 of the Revised Civil Code for reimbursement of the expenditures incurred in the preservation of the property.
In all other respects the decree rendered herein by this court on the 11th of January, 1915, is affirmed and made the final judgment herein.